United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS JIMENEZ, | No. C 08-2551 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| B. CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Jose Luis Jimenez, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

Jimenez was convicted in Los Angeles County Superior Court of second degree murder and was sentenced in 1986 to a term of 15 years to life in prison. His petition does not challenge his conviction but instead challenges an April 12, 2007 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Jimenez alleges that he filed habeas petitions in state courts, including the California Supreme Court, before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Jimenez alleges in his petition that the BPH's decision violated his right to due process because it was not supported by some evidence and it was arbitrary and capricious. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006). He also alleges there is a "no parole" policy in the BPH, which appears to be a due process claim for a biased decision-maker. Liberally construed, the due process claims are cognizable. The equal protection claims that he was not given individualized consideration (Petition, p. I-F) and that the BPH discriminates among those serving indeterminate sentences (id. at I-J) appear inconsistent but are not patently frivolous. The petition warrants a response.

Jimenez's petition urges that there were state law errors in the parole proceedings and state court review, and includes lengthy discussions of state court cases in his petition. A federal court has jurisdiction to issue the writ to remedy violations of the laws, treaties, or Constitution of the United States, see 28 U.S.C. § 2254(a), but not to remedy violations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The state law claims are dismissed. In his traverse, Jimenez should strive to focus his discussion on the federal constitutional claims.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **December 19, 2008**, conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 30, 2009**. The traverse may not exceed 25 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The <u>in forma pauperis</u> application is DENIED as unnecessary because petitioner has paid the filing fee. (Docket # 2.)

IT IS SO ORDERED.

DATED: September 26, 2008

Marilyn Hall Patel
United States District Judge