UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS JIMENEZ,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY, warden,<br><br>    Respondent.<br>_____ / | No. C 08-2551 MHP (pr)<br><br>**ORDER DENYING HABEAS PETITION** |

## INTRODUCTION

Jose Luis Jimenez, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. This matter is now before the court for consideration of the merits of the habeas petition. For the reasons discussed below, the petition will be denied.

## BACKGROUND

Jimenez is serving a 15-years-to-life prison sentence as a result of a 1986 conviction in Los Angeles County Superior Court of second degree murder. In this action, Jimenez challenges an April 12, 2007 decision by the Board of Parole Hearings ("BPH") that found him not suitable for parole. Jimenez unsuccessfully sought relief from the BPH's decision by filing several petitions for writ of habeas corpus in the California courts.

Jimenez then filed his federal petition for a writ of habeas corpus. In his petition, he alleged that his right to due process was violated because the BPH's decision was not supported by some evidence and was arbitrary and capricious, and because the BPH had a "no parole" policy. Jimenez also alleged that his right to equal protection of the laws was violated because he was not given individualized consideration (Petition, p. I-F) and because

of the BPH's "discrimination amongst the class serving indeterminate sentences" (id. at I-J). The court ordered respondent to show cause why the petition should not be granted on Jimenez's due process and equal protection claims. Respondent filed an answer and Jimenez filed a traverse.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal court may not grant habeas relief for state law errors. See Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Williams, 529 U.S. at 412. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003).

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. See Swarthout, 131 S. Ct. at 862. In Swarthout, the Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," id., and the Ninth Circuit erred

1  in holding otherwise.  In light of the Supreme Court's determination that the procedural
2  protections that have been recognized by that Court as constitutionally-mandated for a parole
3  applicant are an opportunity to be heard and a statement of reasons for the denial of parole,
4  Jimenez's due process claim must be rejected.   The state court's rejection of his due process
5  claims cannot be said to be contrary to or an unreasonable application of clearly established
6  Federal law, as determined by the Supreme Court, because the Supreme Court: (a) has not
7  determined that there must be some evidence (or any other quantum of evidence) to support
8  the denial of parole; (b) has not determined that a no-parole policy violates due process; and
9  (c) has not determined that an arbitrary and capricious denial of parole violates due process.

10        Jimenez's equal protection claims fare no better.   His claim that the BPH did not give
11  him individualized consideration must be rejected because he has not shown there to be any
12  clearly established Supreme Court authority requiring such treatment in the parole context.
13  Thus, the state court's rejection of his equal protection claims cannot be said to be contrary to
14  or an unreasonable application of clearly established federal law, as determined by the
15  Supreme Court.   Even if cases outside the parole context could be considered as the clearly
16  established federal law on equal protection for federal habeas purposes, the principle is rather
17  simple: the "Equal Protection Clause of the Fourteenth Amendment commands that no State
18  shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is
19  essentially a direction that all persons similarly situated should be treated alike." City of
20  Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457
21  U.S. 202, 216 (1982)).   Jimenez has provided no evidence that he did not receive
22  individualized consideration and the record suggests the contrary.  The 69-page transcript of
23  April 12, 2007 parole hearing plainly shows that he was given individualized consideration:
24  the Board considered and discussed the murder he committed, his pre-commitment offense
25  factors, his institutional behavior, his psychological evaluation, and his parole plans.  The
26  BPH identified the circumstances of Jimenez's commitment offense, prior criminality and
27  unstable social history, and problems with his parole plans as the reasons for finding him
28  unsuitable.  Jimenez's other equal protection claim – that the BPH discriminates "amongst the

1 class serving indeterminate sentences," Petition, at p. I-J – is equally unpersuasive.  Some
2 governmental actions are by their nature discretionary, involving a "vast array of subjective,
3 individualized assessments." Engquist v. Oregon Department of Agriculture, 128 S. Ct.
4 2146, 2154 (2008). In such cases it is not a violation of equal protection when one person is
5 treated differently from another, because doing so is an accepted consequence of the
6 discretion granted.  Id.   Within the group of prisoners who have received indeterminate
7 sentences, some may serve more time than others, but that is a permissible consequence of an
8 indeterminate sentencing scheme with individualized parole consideration proceedings for
9 applicants who may have different criminal episodes, different rehabilitation pictures, and
10 different psychological assessments.  Further, Jimenez offers no evidence to support this
11 claim.  Jimenez is not entitled to relief on his equal protection claims.

A certificate of appealability will not issue because Jimenez has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

The petition for writ of habeas corpus is DENIED.  The clerk shall close the file.

IT IS SO ORDERED.

DATED:   March 28, 2011

_____
Marilyn Hall Patel
United States District Judge